Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# CONCURRING OPINION

No. 04-05-00164-CR

Fernando **LANCON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2004-CRN-000281-D1
Honorable Manuel R. Flores, Judge Presiding

Opinion by:          Steven C. Hilbig, Justice
Concurring opinion by:     Phylis J. Speedlin, Justice

Sitting:     Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:   November 12, 2008

I concur in the result reached in the majority opinion because it correctly applies the factual sufficiency standard of review – as that standard was recently set forth by the Court of Criminal Appeals in *Lancon v. State*, 253 S.W.3d 699 (Tex. Crim. App. 2008). However, I write separately to express my deep concern that the Court of Criminal Appeals's opinion in *Lancon* restrains intermediate appellate courts from conducting any meaningful factual sufficiency review in cases that involve witness credibility, which, for all practical purposes, is the majority of criminal cases.

*See id.* at 708 (Johnson, J., dissenting) (characterizing the majority opinion as "eviscerat[ing] our case law for reviewing the factual sufficiency of evidence and effectively preclud[ing] any sufficiency review when the jury's decision is based upon an evaluation of credibility, which virtually each and every jury verdict is to some extent"). Without expressly acknowledging its intent to do so, the majority opinion in *Lancon* modifies prior factual sufficiency case law by effectively imposing the duty on appellate courts to give "complete or total deference" to jury determinations of credibility. *See id.* In doing so, the Court has blurred the line between legal and factual sufficiency review, and has moved closer to merging the two standards into one. *See id.* at 708-09.

Phylis J. Speedlin, Justice

PUBLISH